IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY MORGAN, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:13-CV-004-Y |
| | § | (Consolidated with |
| CITY OF | § | No.4:13-CV-017-Y) |
| FORT WORTH, TEXAS, et al. | § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

These consolidated cases are before the Court for review of pro-se inmate/plaintiff Larry Morgan's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Morgan, an inmate at the Texas Department of Criminal Justice-Middleton unit,[1] has now filed an amended complaint consisting of a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and naming as defendants the City of Fort worth, Texas; the City of Fort Worth Police Department; Judges Mike Sinha and Cynthia John Mendoza, 360th District Court, Tarrant County, Texas; Judge George Gallagher, 396th District Court, Tarrant County, Texas; Joe Shannon, district attorney, Tarrant County, Texas; John Peter Smith Hospital; and private attorneys Scott Walker, Brian Walker, and Cynthia Torrez. (May 20, 2013 Amended Complaint[2] (Amend. Compl.) Style; § IV(B).)

---

[1]The offender database in the Texas Department of Criminal Justice's web site lists Larry Joe Morgan TDCJ #01847262, as presently serving a sentence for aggravated assault with a deadly weapon (knife) in case number 1249395D arising from an offense date of August 4, 2011. www.tdcj.state.tx/offender search last visited June 18, 2013.

[2]Along with the five pages of the complaint form, Morgan has included numerous handwritten attachments pages and grievances providing supplemental details of his claims, for a total of 26 pages. The Court will cite the page numbers as assigned to the document in the Court's ECF filing system.

Morgan filed both this case and another case arising from the same events, which were consolidated. After consolidation, Morgan repeatedly filed several supplements to his pleadings that would not constitute a short plain statement of his claims and would have superseded each other. This Court, on April 23, 2013, entered an order directing plaintiff Morgan to file **one** amended complaint. The Court's order related to the filing of an amended complaint informed Morgan that the Court would look only to that document in reviewing his claims. In spite of the Court's explanation and citation that an "amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect,"[3] Morgan has, since the entry of that order, filed two separate complaints with attachment pages, one on May 10 (doc. 24), and one on May 20 (doc. 25). Because of the Court's prior directive and notice to Morgan, the complaint filed on May 20 has superseded and replaced the complaint filed on May 10, such that the Court will now consider, review, and screen only the most recent complaint form and attachments filed May 20.

Morgan complains of actions taken in family district court related to the granting of custody of his daughter Airreyah Morgan, to Vikki Sapp, both in 2000, and again in November of 2012. (Amend. Coml. § V; attachment pages 13, 21-22.) The only defendants related to these claims are judges Sinha and Mendoza. The bulk of the

[3] *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

claims arise from Morgan's challenges to his arrest and detention by officers of the Fort Worth Police Department, and his subsequent charge for aggravated assault with a deadly weapon (a knife) arising out of events that took place in Cobb Park in Forth Worth, Texas on August 4, 2011. (Amend. Compl. § V, attachment pages 5, 7, 8-13, 16-20.) He also lists a claim against John Peter Smith Hospital for medical care received while in the Tarrant County jail. (Amend. Compl. attachment pages 14-15.) Morgan seeks compensation in the amount of $2,460,000. (Amend. Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[4] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[5] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[6] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading

---

[4]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[5]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[6]*See* 28 U.S.C.A. § 1915A(a)(West 2006).

to conduct its § 1915 inquiry.[7] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[8] After review of the amended complaint with attachments under these standards, the Court concludes that Morgan's claims must be dismissed.

With regard to any claims against district judges George Gallagher and Mike Sinha, and associate judge Cynthia Mendoza for monetary damages, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[9] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[10] Because any complained-of conduct by these judges was judicial in nature and was undertaken pursuant to the legal jurisdiction of the 360th District Court or of the 396th District Court, each named judge is entitled to absolute immunity from any monetary damages claims.

Likewise, prosecutor Joe Shannon is entitled to absolute immunity for any monetary damages claims. The Supreme Court has

---

[7] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[8] *Id.,(*citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[9] *Mireless v. Waco*, 502 U.S. 9, 11 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

[10] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[11] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[12] Here, even assuming Plaintiff's allegations against Joe Shannon are true, he would have taken such action in his role as a prosecutor on behalf of the State of Texas. Thus, defendant Shannon is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims will also be dismissed.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[13] As to Morgan's allegations against attorneys Brian Walker, Scott Walker, and Cynthia Torrez, he has failed to satisfy the second element. Morgan has failed to show that these private attorneys acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state,

[11] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[12] *Imbler,* 424 U.S. at 431 n.33.

[13] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

his actions are not chargeable to the state.[14] Morgan cannot show that the attorneys were acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against these defendants must be dismissed.

Morgan has added two copies of grievances he submitted while in the Tarrant County jail as claims “against John Peter Smith Hospital” (JPS). (Amend. Compl., attachment pages 14-15.) He has also listed JPS in the list of defendants. (Amend. Compl. § IV(B).) Although a plaintiff may seek recovery for violation of constitutional rights from a local government entity as a “person” within the meaning of 42 U.S.C. § 1983,[15] a municipal government may not be held liable “unless action pursuant to official municipal policy of some nature caused a constitutional tort.”[16] The Supreme Court, in *Monell v. New York City Department of Social Services,* emphasized that a local government entity cannot be held liable under § 1983 on a *respondeat-superior* basis:

> [T]herefore . . . a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's

---

[14]*See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986)(citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

[15]“Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.” 42 U.S.C.A. § 1983 (West 2012).

[16]*Monell v. New York City Dept.of Social Services*, 436 U.S. 658, 691 (1978).

> policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983.[17]

Thus, § 1983 liability attaches against a local government entity only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation."[18] An official municipal policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."[19]

Municipality liability requires "three elements: policymaker; an official policy; and a violation of constitutional rights "whose 'moving force' is the policy or custom."[20] Official policies are typically contained in ordinances, regulations, or policy statements.[21] An official policy may also be evident if there is a "'persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated

---

[17]*Id.* at 694.

[18]*Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011)(quoting *Monell,* 436 U.S. at 692)(internal quotation marks omitted); *City of Canton v. Harris,* 489 U.S. 378, 385 (1989)(liability "only where the municipality *itself* causes the constitutional violation at issue")(emphasis in original).

[19]*Prince v. Curry,* 423 Fed. Appx. 447, 450 (5th Cir. 2011)(quoting *Connick,* 131 S.Ct. at 1359.)

[20]*Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)(citing *Monell,* 436 U.S. at 694).

[21]*Id.* at 579.

policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy.'"[22]

Plaintiff Morgan has not provided any factual allegations whatsoever of any such policy or custom against JPS. Rather, Morgan gives facts regarding when he was seen by Tarrant County jail medical personnel. As Morgan has not included factual allegations of any polices and/or practices of JPS associated with these unrelated medical care incidents, he has not sufficiently alleged liability against JPS. The claim against John Peter Smith Hospital must be dismissed.[23]

With regard to any remaining claims arising from and relating to Morgan's arrest and conviction in case number 1249395D for aggravated assault with a deadly weapon in the 396th Judicial District Court, the Court concludes that such claims are not cognizable under 42 U.S.C.§ 1983. In *Heck v. Humphrey,*[24] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[22] *Id.* (quoting *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984)(en banc)).

[23] Morgan's reference to "corruption" at John Peter Smith hospital and "withholding and tampering with evidence" by John Peter Smith hospital relate to challenges to his conviction and must be dismissed under the *Heck* doctrine for the reasons set forth in the text *infra*.

[24] 512 U.S. 477, 486-87 (1994).

question by a federal court's issuance of a writ of habeas corpus."[25] Morgan has not shown that this conviction has been reversed or set aside in any of the manners listed. Accordingly, his remaining claims relating to that proceeding are not cognizable under *Heck v. Humphrey*.

*Order*

All claims for monetary damages against District Judges George Gallagher and Mike Sinha and Associate Judge Cynthia Mendoza, and against prosecutor Joe Shannon, are DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). All claims against attorneys Scott Walker, Brian Walker, and Cynthia Torrez, and all claims related to medical care against John Peter Smith Hospital, are DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). All remaining claims arising from and relating to Morgan's arrest and conviction for aggravated assault with a deadly weapon in cause number 1249395D in the 396th Judicial District Court, Tarrant County, Texas, are DISMISSED WITH PREJUDICE to their being asserted until the *Heck v. Humphrey* conditions are met[26] under 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b)(1).

SIGNED June 25, 2013.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

[25] *Id*; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[26] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).